UNITED STATES DISTRICT COURT FOR THE
FEDERAL DISTRICT OF NEW JERSEY

Pedro Paulino                                    :
3131 Knights Rd., Apt. 4-20                      :
Bensalem, PA 19020                               :     No._____
                    Plaintiff(s)                 :
v.                                               :
                                                 :
Laurence Traub                                   :
1701 Ocean Ave., Apt. 3F                         :     JURY TRIAL DEMANDED
Asbury Park, NJ 07712                            :
                    Defendant(s)                 :

## COMPLAINT

### PARTIES

1.  Plaintiff, Pedro Paulino, is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2.  Upon information and belief, Defendant, Laurence Traub, is a resident of the State of New Jersey, residing at the address listed in the caption of this Complaint.

### JURISDICTION AND VENUE

3.  This Court has jurisdiction over the parties and subject matter of this Civil Action.

4.  The Defendant, is a citizen, resident, and is domiciled in the State of New Jersey.

5.  The amount in controversy in this case, exclusive of interest and costs, exceeds the sum of $75,000.

6.  28 U.S.C. §1332(a)(1) states that "the district courts shall have original jurisdiction of all civil action where the matter in controversy exceeds the sum or value or $75,000, exclusive of interest and costs, and is between . . . citizens of different states."

7. This court thus has original jurisdiction over this matter pursuant to the aforementioned Section 1332(a)(1).

8. 28 U.S.C. § 1391(a) (1) and (2) states, "(1) this section shall govern the venue of all civil actions brought in district courts of the United States; and (2) the proper venue for a civil action shall be determined without regard to whether the action is local or transitory in nature."

9. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(a) (1) and (2).

10. 28 U.S.C. § 1391(b) (2) states, "A civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."

11. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b) (2) in that this is the judicial district in which a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred; i.e., the accident at issue occurred in Monmouth County, New Jersey, which is in this federal judicial district.

12. On or about August 28, 2021, at approximately 7:30 a.m., Plaintiff, was the operator of a motor vehicle which was traveling at or near the intersection of Neptune Ave. & Atlantic Ave., in Deal, NJ.

13. At or about the same date and time, Defendant, Laurence Traub, was the owner and operator of a motor vehicle, which was traveling at or near the aforesaid location and/or the location of Plaintiff's vehicle.

14. At or about the same date and time, Defendant's vehicle was involved in a motor vehicle collision rear-ending the Plaintiff's vehicle.

15. The aforesaid motor vehicle collision was caused by the Defendant negligently and/or carelessly, operating his/her vehicle in such a manner so as to rear-end Plaintiff's vehicle.

16. The aforesaid motor vehicle collision was the result of the negligence and/or carelessness of Defendant and not the result of any action or failure to act by Plaintiff.

17. As a result of the accident, Plaintiff suffered serious, severe and permanent bodily injuries, including to the back and neck, as well as left leg pain, as set forth more fully below.

## COUNT I
### Pedro Paulino v. Laurence Traub
### Personal Injury–Negligence

18. The negligence and/or carelessness of Defendant, which was the direct and sole cause of the aforesaid motor vehicle accident and the injuries and damages sustained by the Plaintiff, consisted of, but is not limited to, the following:

   a. Rear-ending Plaintiff's vehicle as the Plaintiff was attempting to make a right hand turn;

   b. Operating his/her vehicle into Plaintiff's lane of travel;

   c. Failing to maintain proper distance between vehicles;

   d. Operating his vehicle in a negligent and/or careless manner as to rear-end Plaintiff's vehicle without regard for the rights or safety of Plaintiff or others;

   e. Failing to have his vehicle under proper and adequate control;

   f. Operating his vehicle at a dangerous and excessive rate of speed under the circumstances;

   g. Violation of the "assured clear distance ahead" rule;

h. Failure to keep a proper lookout;

i. Failure to apply brakes earlier to stop the vehicle without rear-ending Plaintiff's vehicle;

j. Being inattentive to his/her duties as an operator of a motor vehicle;

k. Disregarding traffic lanes, patterns, and other devices;

l. Driving at a high rate of speed which was high and dangerous for conditions;

m. Failing to remain continually alert while operating said vehicle;

n. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o. Failing to give Plaintiff meaningful warning signs concerning the impending collision;

p. Failing to exercise ordinary care to avoid a rear-end collision;

q. Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

r. Operating said vehicle with disregard for the rights of Plaintiff, even though he was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to Plaintiff;

s. Continuing to operate the vehicle in a direction towards Plaintiff's vehicle when she saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

      t.      Failing to operate his/her vehicle in compliance with the applicable laws and ordinances of the State of New Jersey pertaining to the operation and control of motor vehicles;

19. As a direct and consequential result of the negligent and/or careless conduct of the Defendant, described above, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions, including to the back and neck, as well as left leg pain, all to Plaintiff's great loss and detriment.

20. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

21. As an additional result of the carelessness and/or negligence of defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

22. As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to his/her personal property, including a motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

23. As a further result of Plaintiff's injuries, she has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

24. Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses in an

amount equal to and/or in excess of the basic personal injury protection benefits for which she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Pedro Paulino, prays for judgment in her favor and against Defendant, Laurence Traub, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems just.

SIMON & SIMON, P.C.

BY: *Marc Simon*
Marc I. Simon, Esquire